HYDER *v.* McBRIDE.

---

———————

CLAY HYDER, ET AL., AS RESIDENTS, FREEHOLDERS AND TAXPAYERS OF HENDERSON COUNTY, NORTH CAROLINA, ON BEHALF OF THEMSELVES AND ALL OTHER RESIDENTS, FREEHOLDERS AND TAXPAYERS WHO DESIRE TO MAKE THEMSELVES PARTIES TO THIS ACTION, v. E. E. McBRIDE, J. J. THOMPSON, AND WM. E. DALTON, INDIVIDUALLY AND AS MEMBERS OF AND COMPRISING THE BOARD OF COMMISSIONERS OF HENDERSON COUNTY.

(Filed 19 September, 1956.)

**Injunctions § 8—**

An order enjoining county commissioners from making further payments under the contract attacked until the final hearing, upon conflicting allegations in the verified pleadings, is upheld.

JOHNSON, J., not sitting.

APPEAL by defendants from *Nettles, J.,* May-June Term, 1956, of HENDERSON.

Action by plaintiffs-taxpayers against defendants, individually and as county commissioners.

The controversy grows out of a contract authorized by the county commissioners, whereby Henderson County agreed to pay a total of $45,000.00 to E. T. Wilkins & Associates of Lincoln, Nebraska, for services to be performed in appraising all taxable real estate and commercial and industrial personal property within the county, incident to a quadrennial (1956) revaluation and equalization program.

Plaintiffs, on the basis of particular facts set forth, alleged that said contract was and is unlawful and void; that the activities of representatives of E. T. Wilkins & Associates purporting to constitute a performance thereof were of no value; that valuations and assessments attempted to be made by them were without authority in law and were "arbitrary, fictitious and fantastic"; and that the county commissioners, unless restrained, would levy 1956 taxes on the valuations and assessments as made by E. T. Wilkins & Associates. Answering, de-

fendants denied plaintiffs' said allegations, averring facts upon which they asserted that their acts and conduct, past and contemplated, were in all respects in accordance with law.

In their First Cause of Action, plaintiffs, for the benefit of Henderson County, sought to recover from defendants, individually, the amount of Henderson County funds theretofore paid under said contract, and in addition sought to restrain defendants from making any further payment to E. T. Wilkins & Associates thereunder.

In their Second Cause of Action, plaintiffs sought to restrain defendants, as county commissioners, from levying 1956 *ad valorem* taxes based on valuations and assessments made by E. T. Wilkins & Associates.

An *ex parte* restraining order was issued 8 May, 1956, when the action was commenced. On 29 May, 1956, after hearing on return of order to show cause, Judge Nettles, then presiding, entered judgment wherein, pending final determination of the action, it was ordered, adjudged and decreed:

## "FIRST CAUSE OF ACTION

"That the defendants as members of the Board of Commissioners of Henderson County, be and they are hereby enjoined and restrained from paying to E. T. Wilkins & Associates or any other person any funds of Henderson County by reason of the contract between said parties, copy of which is attached to the defendants' answer.

## "SECOND CAUSE OF ACTION

"That the defendants be, and they are hereby enjoined and restrained from levying a tax against the taxable property in Henderson County based upon the assessment made by E. T. Wilkins & Associates."

This appeal is from said judgment of 29 May, 1956.

*Redden & Redden and Arthur J. Redden for plaintiffs, appellees.*
*R. Lee Whitmire, L. B. Prince, G. H. Valentine, and W. B. Howe for defendants, appellants.*

PER CURIAM. On oral argument in this Court, it was stated by counsel for all parties that subsequent to said judgment of 29 May, 1956, defendants, as county commissioners, levied 1956 *ad valorem* taxes and that such levy was *not* based on assessments made by E. T. Wilkins & Associates. Admittedly, the appeal, in respect of the Second Cause of Action, is now moot.

Thus, the only question before us relates to the portion of the judgment wherein defendants, pending final determination of the action, are restrained from making further payments "to E. T. Wilkins & Asso-

ciates or any other person" by reason of said contract.. Consideration of the conflicting allegations in the verified pleadings, the only evidence in the record, fails to disclose sufficient grounds for this Court to disturb the said *pendente lite* restraining order.

On oral argument in this Court, appellants stated that they then demurred *ore tenus* to the complaint. No writing was filed in this Court as required by Rule 36 (221 N.C. 566). Moreover, appellants did not undertake to specify the particulars wherein, under their contention, the complaint, in its entirety, was fatally defective.

Nothing stated herein is to be deemed a ruling or expression of opinion as to whether the facts alleged are sufficient to state a cause of action against defendants, individually, for the recovery, for the benefit of Henderson County, of amounts paid to E. T. Wilkins & Associates prior to the commencement of this action.

The judgment of 29 May, 1956, in respect of the *pendente lite* restraining order relating to the First Cause of Action, is

Affirmed.

JOHNSON, J., not sitting.